**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7196**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL EUGENE LOCKLEAR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:09-cr-00021-BO-1)

Argued: March 20, 2012                    Decided: June 19, 2012

Before KEENAN and FLOYD, Circuit Judges, and Norman K. MOON, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

**ARGUED:** G. Alan DuBois, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. John Samuel Bowler, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Section 4241 of Title 18 of the United States Code sets forth a framework for district courts to use in determining if a defendant is competent to stand trial and, if not, whether "there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). If a defendant is incompetent and unable to be restored to competency, however, the court must proceed to evaluate him for possible civil commitment pursuant to 18 U.S.C. § 4246.

There are two primary questions presented in this appeal. The first is whether the district court actually remanded Appellant Michael Eugene Locklear to FMC Butner for the purpose of being reevaluated for mental competency to stand trial and, if so, whether such decision was an abuse of discretion. And second, in that those charged with determining if Locklear is a candidate for civil commitment already have determined twice that he is not, we consider whether the district court erred in continuing to have him detained for further evaluation. For the reasons that follow, we answer both questions in the affirmative. Consequently, we reverse and remand the district court's decision.

2

Locklear went to the offices of United States Representative Mike McIntyre in Lumberton, North Carolina, on November 4, 2008, to meet personally with the congressman. After learning that Representative McIntyre was unavailable, Locklear allegedly became belligerent and violent. As a result, he was charged with assault on a federal official, in violation of 18 U.S.C. § 111(a)(1), and threatening to murder a federal official, in violation of 18 U.S.C. § 115(a)(1)(B).

Locklear suffers from mental illness, which causes him to experience delusions. As part of his delusions, Locklear believed that an unknown government agency was monitoring his computer. According to Locklear, this monitoring somehow stemmed from the purported prominent role that he played in the 2004 John Kerry presidential campaign, for which he thinks he never received proper credit.

Soon after Locklear's arrest, it became evident that Locklear might not be competent to stand trial. Thus, on February 4, 2009, pursuant to the government's motion and with Locklear's consent, the district court ordered an evaluation of Locklear's mental competency.

Locklear underwent several competency evaluations at the Federal Medical Center in Butner, North Carolina (FMC Butner), the last of which, dated August 10, 2010, concluded that "there

3

is not a substantial probability [Locklear] will regain competency to stand trial in the foreseeable future." Subsequently, the district court conducted a competency hearing. The district court then issued an order signed on September 22, 2010, stating, in relevant part, the following:

> [T]he Court finds that the defendant does in fact remain incompetent to stand trial and that there is currently no substantial probability that he will be restored to competency within the foreseeable future. Furthermore, given the nature of the charges against him and evidence supportive thereof, as well as the delusional condition which continues to afflict him, the Court finds that his release would create a substantial risk of bodily harm to another person as well as serious risk to the property of another. The Court therefore concludes that it must proceed in accordance with the provisions of [18 U.S.C. § 4246].

Almost four months later, however, in a report signed on January 18, 2011, the doctors at FMC Butner informed the district court that Locklear "does not meet the criteria for commitment pursuant to [§ 4246]." According to these doctors, "although [Locklear] is presently suffering from a mental illness, Delusional Disorder, Grandiose type, his release to the community would not create a substantial risk of bodily injury to another person or serious damage to the property of another."

Nevertheless, acting on a motion filed by the government over Locklear's objection, the district court held in a February 9, 2011, order that the recommendation was "dramatically at odds with the facts of the case and the psychiatric condition of the defendant." "In short," stated the

4

district court, "the report's conclusion is wholly at odds with the facts and psychiatric conclusions recited therein." Accordingly, the court "order[ed] the medical authorities at FMC Butner to reconsider the matter and, at a minimum, redraft or supplement the report." In a July 12, 2011, report, however, the doctors "continue[d] to opine [Locklear] does not meet [the] criteria for commitment pursuant to [18 U.S.C. § 4246]."

Locklear then filed a motion for immediate release, which the government opposed. The district court held a hearing on the motion on August 25 and September 2, 2011. Afterwards, in an order signed on September 2, 2011, the district court held, in relevant part, the following:

> After full consideration of the arguments of counsel and the reports submitted by [FMC Butner] staff, the Court concludes that, given the nature of the crimes for which [Locklear] has been indicted and the fact that more than seven months have elapsed since [Locklear's] potential for dangerousness to the community has been evaluated, it would be inappropriate to release [Locklear] from custody at this time.

> Accordingly, it is hereby ORDERED that [Locklear] again be REMANDED to FMC Butner for thirty (30) days to receive further evaluation regarding competency to proceed to trial, his potential for dangerousness to the community, and his ability to be released under conditions of confinement imposed by the U.S. Probation Office.

> This appeal followed.

5

The district court's September 2, 2011, order has two parts that we will consider here: (1) reevaluation of Locklear regarding his mental competency to stand trial and (2) reevaluation of his dangerousness to the community. In light of our ruling, for purposes of this appeal, we need not consider the third part of the order, evaluation of his ability to be released under conditions of confinement imposed by the United States Probation Office.

A.

Section 4241 "authorizes the commitment of a criminal defendant who, as a result of a mental disease or defect, lacks the mental competency to stand trial or undergo post-release proceedings." United States v. Broncheau, 645 F.3d 676, 682 n.8 (4th Cir. 2011). As such, it "provides a mechanism to secure a judicial determination of a criminal defendant's competency, thereby protecting the defendant's fair trial rights and the integrity of judicial proceedings." Id.

Pursuant to this statute, a court must order a competency hearing if it has "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

6

proceedings against him or to assist properly in his defense." § 4241(a).

"Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted[.]" § 4241(b). "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner." § 4247.

"[W]e review a district court's determination of whether to order a competency examination for an abuse of discretion." United States v. Martinez-Haro, 645 F.3d 1228, 1232 (10th Cir. 2011). Here, our careful review of the record leads us to the conclusion that there is nothing in it to suggest anything has changed since August 2010—when the doctors at FMC Butner last determined Locklear was not competent to stand trial—that would cause them now to find otherwise. Instead, the record establishes that Locklear suffers from a serious mental illness, which prevents him from working with his counsel or assisting in his own defense. Moreover, the medical staff at FMC Butner determined that there is no substantial probability that he will regain competency to stand trial in the foreseeable future. The district court accepted this finding in its September 22, 2010, order, concluding that it would then proceed under § 4246, to

7

obtain a determination of Locklear's future dangerousness for purposes of civil confinement.

On appeal, the government argues that the district court's colloquy with Locklear during the August and September 2011 hearing prompted the court to reconsider its earlier competency rulings pursuant to § 4241. Hence, according to the government, the district court properly ordered a competency reevaluation. But the record belies this contention.

Although the district court stated in the August 25, 2011, hearing, "I think [Locklear is] competent[,]" it continued the hearing on the matter until September 2, 2011. At that time, after all exchanges between the district court and Locklear had occurred, the district court stated the following: "And if I were going to release him and he was competent, I would put him under conditions. So, releasing him while he is incompetent would be irresponsible not to put him under conditions." Thus, the district court indicated that it did not think that Locklear was competent.

And, as both parties recognize, the government's argument now that Locklear may be competent is at odds with its position on September 2, 2011. Then, after all exchanges between the district court and Locklear had occurred, the government's counsel stated, "I think [Locklear] is incompetent."

8

Even so, on appeal, the government attempts to establish that there was a genuine question concerning Locklear's competency after the August and September 2011 hearing. And it goes to great lengths to explain how certain of Locklear's answers to the district court's questions suggest that he may be competent. We need not, however, address each instance in the record that, according to the government, indicates Locklear's potential competence. Suffice it to say that it is clear this was not the district court's belief after having heard from Locklear. Moreover, it was not the reason given by the district court in the September 2011 order for remanding Locklear to FMC Butner for further evaluation.

In that order, although the district court directed that Locklear "receive further evaluation regarding competency to proceed to trial," the court justified its decision by stating that "given the nature of the crimes for which [Locklear] has been indicted and the fact that more than seven months have elapsed since [Locklear's] potential for dangerousness to the community has been evaluated, it would be inappropriate to release [Locklear] from custody at this time."

In sum, in light of the district court's comment at the hearing on September 2, 2011, that Locklear was incompetent, as well as the purpose that it gave for remanding Locklear for further evaluation, we are unpersuaded that the district court

9

remanded Locklear to FMC Butner for the purpose of reevaluating his competency to stand trial. We reject the government's arguments to the contrary. But to the extent that the district court did so without support in the record or any explanation, such decision was an abuse of discretion.

B.

Section 4246 provides, in relevant part, the following:

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d), . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, . . . he shall transmit the certificate to the clerk of the court for the district in which the person is confined.

18 U.S.C. § 4246(a). "[N]oncompliance with th[is] statute is not a mere technicality—it is directly contrary to Congress'[s] command." United States v. Charters, 829 F.2d 479, 487 (4th Cir. 1987).

Thus, without a certificate from the director of FMC Butner providing that Locklear "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," § 4246(a), the district court was without authority to have Locklear held simply because he is

10

not of the same opinion as the doctors charged with making that determination. But this appears to be what the district court attempted to do, as evidenced by its statement toward the end of the hearing on September 2, 2011. Specifically, the district court told Locklear's counsel that he was "not comfortable" with releasing Locklear right away and that he did not "accept the Butner findings."

But it is not the province of the district court to make that decision in the first instance. Instead, as previously noted, Congress has conferred that authority only upon the director of FMC Butner. See id. Yet, the director of FMC Butner has refused to make the requisite certification, despite two opportunities to do so.

The government does not argue to the contrary. In fact, although acknowledging that it adopted a different approach in the court below, it appears now to agree that the district court had no authority to remand Locklear for a third time to be reevaluated for civil commitment pursuant to § 4246. We agree and, for that reason, will reverse and remand.

III.

Wherefore, for the reasons stated above, the district court's denial of Locklear's motion for immediate release is

REVERSED AND REMANDED.

11